*G. Holland* and *C. C. Binkley,* for appellees.

---

KENNEDY *v.* IRWIN and Wife.

APPEAL from the *Union* Circuit Court.

GREGORY, J.—Suit by the appellant against the appellees, on a note and mortgage executed in the State of *Ohio.*

The note secured by the mortgage is dated the 1st of *January,* 1859, due in twelve months from date, for $3,397, with interest at ten per cent., without relief from appraisement laws. The statute of *Ohio,* in force at the time the note was executed, allowing ten per cent.

Kennedy *v.* Irwin and Wife.

interest to be contracted for, is set out in the complaint. The defendants answered in seven paragraphs, usury, want of consideration, payment and set off. The statute of *Ohio* on the subject of usury, which is set out in the 7th paragraph, makes a contract void only for the excess over lawful interest* retained, paid or contracted for, and allows such excess, when paid, to be applied to the satisfaction of the principal. The plaintiff replied to the answer by a general denial. There was a jury trial, and a verdict for the plaintiff for $2,565 24. Motion by the plaintiff for a new trial overruled, and judgment without relief from appraisement laws. The mortgaged premises were ordered to be sold as other lands are sold on execution. The bill of exceptions informs us that the plaintiff excepted to the form of the judgment, but in what particular is not stated. No motion was made to correct the judgment, nor was the attention of the court below directed to any particular objection to the form of the judgment.

The evidence is in the record.

Two errors are relied on, in argument, for a reversal. It is claimed that the testimony does not sustain the finding of the jury. That the burden of proof was on the defendant, and to entitle him to his defense the preponderance of the evidence must have been in his favor. This was the rule in the trial below, but this court cannot interpose, unless the finding is clearly against the testimony. We have examined the evidence, and think that the finding is not so clearly against it as to justify this court in setting aside the verdict.

It is urged that the court below erred in not directing the mortgaged premises to be sold without relief from appraisement laws.

The judgment was the plaintiff's own, it was his duty to call the attention of the court below to the particular defect complained of. If the judgment was not in proper form it was with the plaintiff, in whose favor it was rendered, to move the court to enter a more formal one, and his failure

to do so waives the error, if any was committed. The plaintiff might at any time have moved the court below to correct the judgment in the particular complained of.

The judgment is affirmed, with costs.

*J. S. Reid* and *J. Yaryan,* for appellant.

*B. F. Claypool* and *J. M. Wilson,* for appellees.