Evans v. The State.

## EVANS v. THE STATE.

[No. 18,512. Filed June 10, 1898.]

LARCENY.—*Information.*—An information charging one E with the larceny of certain described property, "such property then and there being the personal goods and chattels of one H," sufficiently charges that the property stolen was the property of H. *pp.651,652.*

SAME.—*Information.*—*Idem Sonans.*—An information for larceny is not rendered bad by reason of the fact that the affidavit gives the name of the person from whom the property was stolen as ":Hor-rick," and the information as "Horick," the names being *idem sonans.* *p. 652.*

CRIMINAL LAW.—*Second Conviction.*— Where a statute imposes a greater punishment upon second or subsequent convictions of an offense, the former conviction must be alleged in the indictment and proved at the trial, or the same can only be punished as a first offense. *p. 653.*

LARCENY.—*Second Conviction.*—*Verdict.*—Where an indictment for petit larceny charges a former conviction for a like offense, and the jury return a verdict of guilty as charged, the defendant is found guilty of petit larceny, but is subject to the punishment prescribed for grand larceny. *p. 654.*

SAME.—*Information.*—*Verdict.*—*Harmless Error.*—Where an affidavit and information charges larceny, but does not charge a former conviction, a verdict finding the defendant "guilty of grand larceny as charged in the information," will be construed as a convic-

tion for petit larceny, and an error of the court instructing the jury as to grand larceny, is harmless.  *pp. 654, 655.*

APPEAL.—*General Objections to Judgment.*—*Review.*— Where on the trial of a criminal cause the defendant makes a general objection to the judgment rendered on the verdict, but does not point out any specific objection thereto, or move to modify the same so as to conform to the verdict, the objection will not be considered on appeal.  *p. 655.*

From the Kosciusko Circuit Court.   *Affirmed.*

*Leigh H. Haymond*, for appellant.

*W. A. Ketcham*, Attorney-General, *M. H. Summy* and *Merrill Moores*, for State.

MONKS, J.—Appellant was tried and convicted upon an affidavit and information charging him with the crime of petit larceny.   The errors assigned and not waived call in question the action of the court in overruling the motion to quash the information, and in overruling the motion for a new trial.

The first objection urged against the information is that it did not charge that the property alleged to have been stolen was the property of Ambrose L. Horrick, or any other person.   The information charges that "one, Charles Evans, did then and there feloniously steal, take and carry away one set of single buggy harness of the value of ten dollars, such property then and there being of the personal goods and chattels of one Ambrose L. Horrick."

It is claimed by the appellant that the word "such" as used, does not mean the same as the word "said," which should have been used to make the information sufficient as to the ownership of the property stolen.

Under our Statutes the rule in criminal pleading is that the words "must be construed, in their usual acceptation, in common language; except words and phrases defined by law, which are to be construed according to their legal meaning."   Section 1805, Burns' R. S. 1894 (1736, Horner's R. S. 1897).

In construing the word in a statute, Mr. Justice Story said, "The word 'such' has an appropriate sense, and can be reasonably referred only to the ship or vessel previously spoken of. *United States* v. *Gooding*, 12 Wheat., p. 477. Defining the same word the Century Dictionary says, "2. The same as previously mentioned or specified, not other or different."

It is evident that the words "such property," used in the information refer only to the "one set of single buggy harness" previously mentioned, and to no other or different property. The information therefore clearly charged that the property stolen was the property of Ambrose L. Horrick.

The next objection to the information is that the name of the person whose property is alleged to have been stolen is given as "Horick," in the affidavit, and as Horrick in the information. The names are *idem sonans*, and the variance in the spelling is therefore immaterial. *Smurr* v. *State*, 88 Ind. 504; 506, and cases cited; *Siebert* v. *State*, 95 Ind. 471. The court did not err in overruling the motion to quash.

The verdict returned found the appellant "guilty of grand larceny, as charged in the information."

It is insisted by appellant that as a former conviction of petit larceny was not averred in the affidavit and information, no question concerning grand larceny or the punishment therefor was presented, and therefore the court erred in giving any instruction as to the right of the jury to find the appellant guilty of grand larceny, and that for the same reason the verdict was contrary to law.

The doctrine that when a statute imposes a greater punishment upon second and subsequent convictions of an offense, that the former conviction must be alleged in the indictment and proved at the trial, or the same can only be punished as a first offense, is sus-

tained by the great weight of the authorities. Wharton's Crim. Pl. and Prac. (9th ed.), section 935; Bishop's Directions and Forms, section 91; 1 Bishop's Crim. Proc., section 101; Bishop's Stat. Crimes, sections 240, 981, 1044; 1 Bishop's Crim. Law, sections 959-964; Clark's Crim. Proc., pp. 203, 204; *Maguire* v. *State*, 47 Md. 485; *Plumbly* v. *Commonwealth*, 2 Metc. (Mass.) 413; *Tuttle* v. *Commonwealth*, 2 Gray 506; *Commonwealth* v. *Holley*, 3 Gray 458; *Garvey* v. *Commonwealth*, 8 Gray 382; *Commonwealth* v. *Miller*, 8 Gray 484; *Commonwealth* v. *Harrington*, 130 Mass. 35; *Rauch* v. *Commonwealth*, 78 Pa. St. 490; *Rand* v. *Commonwealth*, 9 Grat. (Va.) 738; *State* v. *Adams*, 64 N. H. 440, 13 Atl. 785; *State* v. *Gorham*, 65 Me. 270.

It is provided in section 2007, Burns' R. S. 1894, (1934, Horner's R. S. 1897), that "upon a second conviction of petit larceny, the person convicted shall suffer the punishment prescribed for those convicted for grand larceny." It is evident that when an indictment for petit larceny charges a former conviction for a like offense, and the jury return a verdict of guilty as charged, the defendant is not found guilty of grand larceny but of petit larceny, and that he had been convicted of a like offense as charged. In such case the defendant is not guilty of grand larceny, he is only subjected thereby to the punishment prescribed by law for grand larceny, which under act of 1897 it is the duty of the court to adjudge. Acts 1897, p. 73, section 8, p. 219, section 1.

The verdict in this case found appellant "guilty of grand larceny as charged in the information," but the verdict must be construed in connection with the information, as he was only found guilty of the offense charged therein which was petit larceny. The verdict, therefore, only found the appellant guilty of petit larceny, and the error of the court, if any, committed

in instructing the jury as to their being authorized
to find appellant guilty of grand larceny, was harm-
less.   As the verdict only found the defendant guilty
of petit larceny, which was charged in the informa-
tion, and as the evidence is not in the record, the same
cannot be said to be contrary to law.

The error, if any, committed by the court, was in
rendering judgment on the verdict under the reform-
atory act of 1897, fixing the penalty for grand instead
of petit larceny.   Appellant made a general objection
to the judgment, but did not point out any specific
objection thereto, or move to modify the same so as
to conform to the verdict.   It is settled law in this
State that the form or substance of a judgment cannot
be first questioned in this court, but the question must
be first presented to the court below by a motion to
modify, which must specify wherein it should be cor-
rected and modified, and the objection must particu-
larly point out the defect or mistake complained of,
and ask that the same be corrected.   If the court rules
against the party asking such correction, such ruling
of the court below must be assigned as error in this
court.   Unless this is done no objection can be made
available for reversal here, however erroneous in form
or substance such judgment may appear to be.   *Chi-
cago, etc., R. W. Co.* v. *Eggers*, 147 Ind. 299, 302, 303,
and cases cited; *Stout* v. *Curry*, 110 Ind. 514; *Hor-
mann* v. *Harmetz,* 128 Ind. 353, 358, and cases cited;
*Terry* v. *Shively*, 93 Ind. 413, 417; *Clayton, Admr.*, v.
*Blough*, 93 Ind. 85, 95; *McCormick* v. *Spencer*, 53 Ind.
550; *Douglass* v. *State*, 72 Ind. 385; *Bayless* v. *Glenn*,
72 Ind. 5; *Martin* v. *Martin*, 74 Ind. 207, 209; *Rardin*
v. *Walpole*, 38 Ind. 146; *Walter* v. *Walter*, 117 Ind.
247; *Sanxay* v. *Hunger*, 42 Ind. 44, 51; *Kennedy* v.
*Irwin*, 25 Ind. 66; *Baker* v. *Horsey*, 21 Ind. 246;
*Forgey* v. *First Nat'l Bank*, 66 Ind. 123, 128; *McNutt*

v. *McNutt*, 116 Ind. 545, 565, 2 L. R. A. 372; *Jenkins* v., *Rice*, 84 Ind. 342; *Carrothers* v. *Carrothers*, 107 Ind. 530, 534, and cases cited; *Wood* v. *State, ex rel.*, 130 Ind. 364, 366; *Douthit* v. *Douthit*, 133 Ind. 26, 36; *Stalcup* v. *Dixon*, 136 Ind. 9, 19; *Indiana Racing Association* v. *Allen*, 140 Ind. 437; *Jarrell* v. *Brubaker*, *ante*, 260; Elliott's App. Proc., sections 344, 345, 346.

Finding no available error in the record, the judgment is affirmed.