## RICHARDSON *v.* STATE OF INDIANA.

[No. 24,782.   Filed December 14, 1928.]

*Alonzo R. Feemster* and *W. O. Barnard,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was convicted of a violation of §1, ch. 34 of the acts of 1923, Acts 1923 p. 108, and he appeals. He claims that the court erred in overruling his motion in arrest of judgment and says that the facts stated in the affidavit do not constitute a public offense under any law of the State of Indiana, and particularly under the act of March 1, 1923, Acts 1923 p. 108.

In *Volderauer* v. *State* (1924), 195 Ind. 415, 143 N. E. 674, it was held that an affidavit charging the commission of a felony by transportation of liquor under Acts 1923 p. 108, ch. 34, need not negative the proviso that such prohibition shall not affect the transportation of intoxicating liquor for such purpose or uses as are not prohibited by existing laws and that the portions of the acts of 1923, *supra,* which relate to the transportation of liquor in a vehicle without the consent of the owner, or when it is mortgaged property or in which there are firearms, may be regarded as surplusage for it adds nothing to the felony of transportation of liquor in a vehicle. In that case, the court says: "After prohibiting the transportation of . . . liquor in *any* wagon, buggy, automobile, water or air craft, or other vehicle, it then prohibits the transporting of such liquor in any such vehicle, without the consent of the owner, or when it is mortgaged property, or in which there are firearms or guns. These latter provisions add nothing to the statute and make no change in the degree of the crime nor measure of punishment. They may be treated as surplusage, for the crime first defined must be charged and proven, to make one guilty of any of the latter provisions. It may be that if the indictment or affidavit

charges any of these latter elements, it would be necessary to prove the same, as being matters of description of the means used, but as to this, we decide nothing." The court did not err in overruling the motion in arrest of judgment.

The appellant next contends that the court erred in admitting certain evidence procured by an invalid search warrant, said search warrant and affidavit upon which it was based being invalid because there was no attempt to describe the property to be searched in either of them. It was contended that the verdict is not sustained by sufficient evidence and is contrary to law because the evidence upon which it was found was procured by means of an invalid search warrant, but it appears from the record that the search warrant which it is alleged was illegally issued, was issued for the purpose of searching the premises of one Omer Peele, and that his premises were searched, and the evidence complained of by appellant was procured by the search warrant issued to search the premises of said Peele, and was found upon his premises, and there is evidence tending to show that the appellant brought it there in an automobile on the morning of the alleged offense.

On the trial of the case, the appellant objected to the introduction of the evidence procured by means of this search warrant and alleged to have been taken from the premises of Omer Peele. The ground of objection was that the search warrant was void, therefore what evidence was procured under it could not be admitted. The state contends that the accused cannot object that the evidence was inadmissible on the ground that it was obtained by illegal search and seizure of the property of a third person. This contention is sustained by decisions of this court. *Piercefield* v. *State* (1926), 198 Ind. 440, 154 N. E. 4; *Walker* v. *State* (1924), 194 Ind. 402, 142 N. E. 16;

*Earle* v. *State* (1924), 194 Ind. 165, 142 N. E. 405; *Snedegar* v. *State* (1925), 196 Ind. 254, 146 N. E. 849; *Hines* v. *State* (1926), 197 Ind. 575, 150 N. E. 371; See, also, *Remus* v. *United States* (1923), 291 Fed. 501. It was not error to admit this evidence.

The appellant claims that it was error to give instruction No. 8, because it would tend to confuse the jury and that it was error to give instruction ■ No. 6, because it is obscure and misleading. In this state, it has been held that where, in a criminal case, it is not affirmatively shown by the bill of exceptions that it contains all the instructions given, this court must presume that such bill of exceptions does not contain all the instructions given. *Cooper* v. *State* (1889), 120 Ind. 377, 22 N. E. 320; *Bennett* v. *State* (1919), 188 Ind. 380, 123 N. E. 797.

The bill of exceptions in this case does not affirmatively show that the instructions therein set out are the only ones given in the case. We must, therefore, ■■ presume that if instruction No. 8, complained of by appellant, would tend to confuse the jury, the court gave other instructions which would make that one plain; and that if instruction No. 6 is obscure, the court gave other instructions to clear up such obscurity. When it is not affirmatively shown by the bill of exceptions that it contains all the instructions given in the case, no question is presented to this court on the giving or refusing of instructions.

No reversible error appearing in the record, the judgment is affirmed.