## TYLER *v.* STATE OF INDIANA.

[No. 25,957. Filed July 16, 1931.]

*Fred N. Fletcher*, for appellant.

*James M. Ogden*, Attorney-General, and *E. Burke Walker*, Deputy Attorney-General, for the State.

MARTIN, C. J.—This prosecution for the unlawful possession of intoxicating liquor under §2717 Burns 1926 was begun May 24, 1930, by affidavit in a justice of the peace court, which found for the State and recognized the appellant to the Lawrence Circuit Court for trial. A change of venue was taken from the trial judge, and a special judge was appointed, who tried the case. The court sustained appellant's motion to quash the affidavit, and an amended affidavit was filed September

18, 1930. The appellant, on that date, also filed a motion to suppress the evidence, which motion was overruled. He then filed a plea in abatement, to which the State filed a demurrer, which was sustained. The cause was tried by a jury, and, upon a verdict of guilty, appellant was fined $100 and sentenced to 30 days' imprisonment on the Indiana State Farm.

The errors assigned are based upon the action of the court: (1) On the plea in abatement; (2) on the motion to suppress the evidence; (3) on the giving of instruction No. 1; and (4) in overruling appellant's motion for a new trial, wherein it is alleged that (a) the verdict and judgment are not sustained by sufficient evidence and are contrary to law, and (b) the court erred in admitting certain evidence.

(1) Appellant's plea in abatement alleges "that, on the 8th day of September 1930, prior to the filing of the affidavit herein, the grand jury was duly sworn by the jury commissioner . . . and by the judge of the Lawrence Circuit Court on the —— day of September prior to the filing of the affidavit herein" and "that said grand jury so impaneled, charged and sworn . . . failed and neglected to indict the said Alfred Tyler for illegal possession of intoxicating liquor on said 24th day of May 1930." Under §2150 Burns 1926, the offense involved here, "may be prosecuted in the circuit . . . court by affidavit, filed in term time, in all cases except when the grand jury is in session, or," etc. This plea in abatement does not allege that the grand jury for the September term was in session on September 18, the date when the new affidavit was filed, nor does it allege that the grand jury was in session at the time the original affidavit was filed. It is not sufficient to prevent the prosecution of appellant by the affidavit herein. *Lankford* v. *State* (1896), 144 Ind. 428, 43 N. E. 444;

*Hall* v. *State* (1912), 178 Ind. 448, 99 N. E. 732; *State* v. *Wilson* (1901), 156 Ind. 343, 59 N. E. 932. Moreover, the plea in abatement was filed too late—after voluntary appearance, change of venue, motion to suppress and motion to quash the affidavit. *Moore* v. *State* (1923), 196 Ind. 299, 141 N. E. 638.

(2) The appellant filed a motion to suppress certain evidence obtained by a search, under a search warrant of the fourth and fifth cabins in a row of cabins in a fishing camp along a river. Such motion did not assert that appellant had or claimed either ownership or possession of such places searched, or of the property seized. On the contrary, the motion recited: "That his cabin was not the fourth cabin described in said purported affidavit and search warrant, nor was his cabin the fifth cabin described in said purported affidavit and search warrant." (No search was made of the third cabin, of which appellant admitted ownership and in which he lived.) A defendant cannot avail himself of an objection to the legality of the search of premises or property which he does not own, control or have an interest in, *Snedegar* v. *State* (1925), 196 Ind. 254, 146 N. E. 849, 147 N. E. 918; *Earle* v. *State* (1924), 194 Ind. 165, 142 N. E. 405, or of premises or property in which he disclaims ownership, control or interest, *Speybroeck* v. *State* (1926), 198 Ind. 683, 154 N. E. 1; *Speybroeck* v. *State* (1927), 200 Ind. 69, 155 N. E. 817; *Walker* v. *State* (1928), 200 Ind. 303, 163 N. E. 229; *Greer* v. *State* (1929), 201 Ind. 386, 168 N. E. 581.

(3) The appellant, who filed a written request that the court instruct the jury in writing, contends that the court in giving instruction No. 1 erred in reading the affidavit as a part of such instruction; that such reading constituted the instruction an oral and not a written one. He sets out the instruction in his brief as follows: "Gentlemen of the jury, this is a

criminal prosecution by way of affidavit, which, omitting the formal parts, reads as follows: (———)." He does not contend that the court failed to read the affidavit or did not read it correctly or that any statement was made to the jury in this instruction which in any way prejudiced his rights. It is unnecessary to decide the technical question thus presented, because (as counsel for the State point out, and as appellant's attorneys must certainly have known) appellant's special bill of exceptions No. 2 containing the instructions, certified to by the trial court as being correct, sets forth the complete instruction, with the affidavit copied therein. The instruction in the form quoted in appellant's brief is contained in the record. Statements made in a bill of exceptions (when such statements are properly a part of the bill), control statements conflicting therewith in the record. *Malott, Rec., v. Central Trust Co.* (1906), 168 Ind. 428, 79 N. E. 269, 11 Ann. Cas. 879. Instructions in a criminal case can only be brought into the record by a special bill of exceptions, and instruction No. 1 as quoted by appellant is not properly before us. *Palmer v. State* (1926), 198 Ind. 73, 152 N. E. 607.

(4-a) The evidence favorable to the State, and sufficient to support the verdict, may be stated briefly as follows: Appellant, Alfred M. Tyler, on May 24, 1930, on the Frank Jackson farm in Shawsick Township, Lawrence County, owned and resided in the third cabin in a row of cabins at a place known as "Riverside." He was at that time also in possession of the fourth and fifth cabins—renting the fourth and buying the fifth on contract—and no one else was occupying either the third, fourth or fifth cabins. (Appellant denied that he had occupied the fourth cabin since the previous year.) The cabins were from 12 to 20 feet apart. On said date, police officers of Bedford and Mitchell searched the fourth and fifth cabins. In the fifth cabin, they found

a man and woman (unnamed) and a small quantity of whisky and beer. In the fourth cabin, they found 539 pints of home-brew beer, which tested 4.41 per cent alcohol by volume, malt, jars, kegs, bottles, etc. Appellant's wife testified that her husband used the fourth cabin during April and May, 1930, that she saw him go inside that cabin and that he had intoxicating liquor therein.

(4-b) The State, in proving by police officers the results of the search, introduced evidence that a slot machine was found in the fifth cabin. Objection was made by appellant on the ground that the search was of premises not occupied by appellant and was invalid, and on the ground that the evidence was an attempt to prove that a gambling machine was found, and thereby prejudice the jury, when appellant was not being prosecuted for keeping a gambling machine. We have already noted that appellant cannot object to the search of premises of which he disclaims ownership or possession. The machine in question was not exhibited to the jury, it was not described, and no proof was offered that it was kept or could be used for gaming purposes in violation of §2690 Burns 1926. Many legitimate vending devices are "slot machines" so far as their operation is concerned. It does not appear that the introduction of the evidence under discussion, even if improper, was harmful to appellant. §2394 Burns 1926. He was given the minimum penalty after a clear and definite case had been made out against him (especially by the testimony of his wife, whom, it is apparent, the jury chose to believe, regardless of the defense evidence that she was suing him for divorce and would testify against him "if subpoened" unless he paid her $500 alimony).

Judgment affirmed.