MAY *v*. STATE OF INDIANA.

[No. 28,879. Filed May 29, 1953.
Rehearing denied August 4, 1953.]

*Addison M. Dowling,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

DRAPER, J.—The appellant was tried by jury, found guilty of murder in the first degree, and sentenced to imprisonment for life. He appeals.

Serious procedural questions have been raised by the Attorney General. Although not bound to do so, we pass these questions and proceed to the merits, to the end that it may be determined whether substantial justice has been denied to the appellant. *Kallas* v. *State* (1949), 227 Ind. 103, 110; 83 N. E. 2d 769; *Marshall* v. *State* (1949), 227 Ind. 1, 14, 83 N. E. 2d 763.

The evidence most favorable to the state discloses that appellant and his cousin, after first visiting two taverns, went to the Ten'O Five tavern about 8 o'clock on the evening of September 30, 1950. While there they met and conversed with the deceased, Pearl LaVon Boyd, a slightly built woman weighing 90 to 95 pounds and about 60 years of age. All were drinking beer, but Mrs. Boyd was not intoxicated. The appellant became ill and about 10 P. M. he left the tavern. Mrs. Boyd followed him out, saying she would help him. Neither one had evidenced any intention of not returning to the tavern. Neither one did return.

About 2:30 the next afternoon (Sunday) she was found dead in a vacant lot behind the tavern. It was evident that she had been hideously mistreated before she died. She had been brutally kicked and beaten and forcibly abused sexually. Several fingers were broken, ribs on both sides fractured, jaws broken and she had been otherwise gruesomely mutilated and hurt. Death resulted from a smashing of the face and skull. A 35 pound stone was found lying near the head. It was stained with human blood and had human hair clinging to it.

About 7 o'clock Sunday evening two officers went to appellant's home and told him and his cousin they were wanted at police headquarters for questioning. They were not formally placed under arrest, but accompanied the officers willingly. Appellant was formally placed under arrest at 12:45 the next morning (Monday). He had then been at headquarters about four or five hours and had been questioned about an hour and a half. About 12:30 A. M. he made an oral statement which was reduced to writing and signed by him shortly after he was formally placed under arrest.

The next day he reiterated the truthfulness of the statement to the police inspector and other officers.

The statement recites, in part, that the woman pulled the appellant, a 22 year old man, toward the back of the tavern where she made advances which he both resented and resisted; that he knocked her down with his fist and raised the stone over his head and dropped it on her head; that he then went home, changed to clean overall pants, and walked the streets until 3 o'clock the following morning.

The pants the appellant wore at the tavern belonged to his brother. They were later found in a washing machine under several other trousers and other soiled clothes at the place where appellant and his brother were staying. They were stained with human blood, the presence of which the brother made an unsuccessful effort to explain away. The officers who found them had no search warrant.

It is asserted there is no evidence from which the jury could have concluded that the crime of which appellant was convicted was premeditated, or the result of premeditated malice on his part. Malice may be inferred from the intentional use of a deadly weapon, such as the stone in this case, in such a manner as is likely to and does cause death. *Dundovich* v. *State* (1921), 190 Ind. 600, 610, 131 N. E. 377; *Landreth* v. *State* (1930), 201 Ind. 691, 171 N. E. 192, 72 A. L. R. 891. As to premeditation, the formation of the intention to kill and the killing may be as instantaneous as successive thoughts. *McDermott* v. *State* (1883), 89 Ind. 187; *Kallas* v. *State, supra,* and cases therein cited. The sadistic injuries inflicted upon the victim in this case were so extensive and of such a character as to compel the inference that considerable time must have elapsed between the first and the fatal

blow. The evidence so conclusively establishes an intent or purpose to kill that we need not further dwell on that contention. We cannot say as a matter of law that the evidence was not sufficient to establish appellant's guilt of murder in the first degree beyond a reasonable doubt.

A confession is *prima facie* admissible in evidence. The burden of showing its incompetency is upon the defendant. *Caudill* v. *State* (1946), 224 Ind. 531, 69 N. E. 2d 549; *Marshall* v. *State, supra; Schuble* v. *State* (1948), 226 Ind. 299, 79 N. E. 2d 647. On the basis of conflicting evidence the trial court held that the appellant had failed to discharge that burden. We will not weigh the evidence relative to the admissibility of the confession, but we have examined it and think the ruling was fully justified under the evidence.

The pants found in the washing machine were introduced in evidence over appellant's objection. It does not appear that the appellant owned, possessed, controlled or had any interest of any kind whatever in that portion of the premises in which the pants were found, or that he owned, possessed, had or claimed any interest whatever in the pants themselves. In fact he testified that he had never worn the pants. The appellant could not avail himself of an objection to the legality of the search and seizure of the property of a third person. *Tyler* v. *State* (1931), 202 Ind. 559, 177 N. E. 197; *Richardson* v. *State* (1928), 200 Ind. 420, 164 N. E. 269; *Piercefield* v. *State* (1926), 198 Ind. 440, 154 N. E. 4; *Earle* v. *State* (1924), 194 Ind. 165, 142 N. E. 405; *Walker* v. *State* (1924), 194 Ind. 402, 142 N. E. 16.

The stone described above was offered and admitted in evidence over appellant's objection that it had not

been connected with the crime charged other than having been found at the scene. The objection was properly overruled. From the appearance of the body, of the stone itself and of the blood spattered surroundings, it could be inferred that the crime was committed where the body and the stone were found, and that the stone was the instrument of death. It was proper for the jury to consider the location, size and appearance of the stone for the purpose of determining whether the deceased was, in fact, killed by being struck with a piece of stone, as alleged in the indictment. 40 C.J.S., Homicide, §258, p. 1205.

Although not properly shown by the record, it is asserted the prosecuting attorney told the jury in his opening statement that the evidence would disclose evidence of rape. The appellant objected and moved for a mistrial on the ground that since the appellant had not been charged with rape, the remarks were highly prejudicial to him. The objection was sustained; the remark was stricken out and excluded; the jury was admonished to ignore the statement and not to consider it in the case; and the trial proceeded.

The evidence did show evidence of rape, as the prosecutor stated it would. Indeed, it would have been impossible to adduce proof of the injuries suffered by the deceased which caused or contributed to her death without showing evidence of rape. If the statement made by the prosecutor was erroneous, which we do not decide, the instruction of the court directing the jury to ignore the statement and not consider it was sufficient to cure it. *Pigg* v. *The State* (1896), 145 Ind. 560, 43 N. E. 309; *Smith* v. *State* (1905), 165 Ind. 180, 74 N. E. 983.

In appellant's motion for new trial the general assignment is made that the court erred in permitting a

police officer to testify concerning certain conversations he had with the appellant. No question is thus presented for consideration, however, for the motion for new trial wholly fails to set out any of the questions, objections, answers or rulings of the court in connection therewith. *Weer* v. *State* (1941), 219 Ind. 217, 36 N. E. 2d 787, 37 N. E. 2d 537; *Gluff* v. *Rouls* (1950), 228 Ind. 186, 91 N. E. 2d 176; *Morris* v. *Nixon* (1946), 117 Ind. App. 106, 67 N. E. 2d 319.

We find no reversible error.

Judgment affirmed.

NOTE.—Reported in 112 N. E. 2d 439.