BUCHTA *v.* STATE OF INDIANA.

[No. 29,159.   Filed April 29, 1955.]

*Wilbur F. Dassel, Ted Lockyear, Jr.,* and *Russell S. Armstrong,* all of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Richard M. Givan,* Deputy Attorney General, for appellee.

EMMERT, J.—This is an appeal from a judgment on a verdict finding the appellant guilty of the second offense of operating a motor vehicle while under the influence of intoxicating liquor, for which he was fined $10.00 and ordered imprisoned in the Indiana State Prison for a term not less than one nor more than three years, under §47-2001(b), Burns' 1952 Replacement. The error assigned here is the overruling of appellant's motion for a new trial.

The amended affidavit charged a prior conviction October 4, 1950, in the Martin Circuit Court, and that on December 31, 1952, in Warrick County on public highway No. 62 one mile west of Boonville, appellant operated an automobile while under the influence of intoxicating liquor. It is not necessary to set out the amended affidavit in full nor the verdict, and there was no error in overruling appellant's motion in arrest of judgment. There was no

want of jurisdiction of the person or the subject matter, and the amended affidavit was sufficient to charge the offense under the statute, *supra;* therefore, it was properly overruled. Ewbank, Indiana Criminal Law (2nd Ed.), §706, p. 526, and authorities therein cited.

The evidence discloses that Bernard Nigg, an officer of the Indiana State Police, at about 4:30 P.M. the 31st day of December, 1952, saw appellant driving his automobile west toward Evansville on State Road No. 62 about one mile west of Boonville, where appellant drove the car in a ditch. Officer Nigg arrested him for operating under the influence, and found a partly consumed bottle of whiskey in the front seat. Four of the witnesses who saw appellant a short time after the arrest testified that in their opinion he was drunk or intoxicated. There was evidence that he had been convicted of the prior offense as charged in the amended affidavit. The verdict was sustained by sufficient evidence and was not contrary to law.

The motion for a new trial questioned the admission of certain exhibits introduced by the state, as well as certain oral testimony. However, the motion did not set forth verbatim or in substance the questions, the objections or the answers thereto, nor did it set forth in detail or in substance the exhibits and the objections thereto. The rule is well settled that such failure presents no error for consideration by this court on appeal. *Boyle* v. *State* (April 6, 1955), 234 Ind. 215, 125 N. E. 2d 707; *Ray* v. *State* (1954), 233 Ind. 495, 120 N. E. 2d 176; Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice §1812, p. 388, and cases cited in each of the above authorities.

The appellant contends that he was prejudiced and that he was denied a fair trial because the amended

affidavit charged a prior conviction, and evidence ■ thereunder was introduced for the jury's consideration when it was determining his guilt on the charge for operating under the influence on December 31, 1952. His original brief presents an exhaustive analysis of the authorities from other jurisdictions and the reasons why it might be desirable to adopt a different procedure whereby the guilt of an accused would be determined before considering the allegations concerning prior convictions. See 44 Jl. of Cr. Law & Criminology 759 *et seq.*, 42 C. J. S. 1058, 25 Am. Jur. 270. The Attorney General's brief states that, "Although there is much to be said for the material presented here by Appellant under this point it is a matter which should be addressed to the legislature and not to this court and Appellee feels that if an answer should be made to this point this is not the time nor the place for such answer." We agree with the state's position on this. The procedure used in charging and proving a prior offense was proper under the Indiana criminal practice. *Evans* v. *State* (1898), 150 Ind. 651, 50 N. E. 820. Assuming without deciding we may have the power to change the procedure by rule, it should not be done so retroactively.

Judgment affirmed.

Henley, C. J., Bobbitt, Levine and Achor, JJ., concur.

NOTE.—Reported in 126 N. E. 2d 151.