MINTON *v.* STATE OF INDIANA.

[No. 30,655. Filed March 4, 1966. Rehearing denied April 11, 1966.]

Hugh R. Couch, of Martinsville, for appellant.

Edwin K. Steers, Attorney General, and Carl E. Van Dorn, Assistant Attorney General, for appellee.

RAKESTRAW, J.—In view of the questions raised on this appeal, it seems advisable to present a brief summary of the evidence most favorable to the state. Witness Paul Ray was approached by the appellant, who offered to sell him some codeine tablets. They arranged to meet at a specific rendezvous at a certain time. The witness then went to the Indianapolis Police Department. They advised him to go through with the rendezvous. Prior to his keeping the rendezvous the police searched his person and car thoroughly, arranged for observation by police cars, and instructed him to drive with his lights out so they would have an excuse for stopping his automobile.

The witness Ray kept the rendezvous with the appellant.

The appellant then motioned a Mr. Neusbaum to come out of the bushes, and Mr. Neusbaum came. The appellant and Mr. Neusbaum got into the automobile of the witness Ray. The witness Ray's automobile was stopped by the police, and when the car was stopped, Mr. Neusbaum put a pink Kleenex under the right hand side of the front seat. On searching the car, the police discovered the pink Kleenex in which the codeine tablets were wrapped.

The appellant was charged by affidavit in two counts of violation of the Indiana narcotic laws. The first count of the affidavit alleged that the defendant had in his possession 200—1 grain tablets of codeine sulphate when he was not authorized by any law of the United States of America or of the State of Indiana to have such drug in his possession, and further charged that he had previously been convicted of a violation of the narcotic laws of the United States of America, in the United States District Court for the Southern District of Indiana. Count Two of the affidavit merely alleged the unlawful possession of the narcotic. After a jury trial, the defendant was found guilty on Count One of the affidavit, and sentenced to the Indiana State Prison for not less than 20 years nor more than life.

Count One of the affidavit in this cause was based on Burns' Ind. Stat. Anno. § 10-3538 (1965 Supp.), which reads as follows:

"(b) Any person who shall possess or have under his control any narcotic drug with intent to barter or exchange with, or to sell, give or dispense, to any person, the same or any part thereof, or to aid, abet, or directly or indirectly counsel, command, induce or procure the barter or exchange with the sale or gift to any other person the same or any part thereof, in violation of any section of this act, shall upon conviction, be fined not more than two thousand dollars [$2,000.00] and be imprisoned in the state prison not less than five [5] nor more than twenty [20] years. For a second or subsequent offense, or if, in case of a first conviction the offender shall previously have been convicted of manufacturing, selling, possessing, prescribing, admin-

istering, dispensing, compounding or soliciting any other person to manufacture, sell, prescribe, administer, dispense or compound any narcotic drugs in violation of the laws of the United States or of any other state, territory or district, the offender shall be fined not more than five thousand dollars [$5,000.00] and be imprisoned in the state prison not less than twenty [20] years nor more than life." [Acts 1961, ch. 90, § 5, p. 169.]

At the trial, the appellant objected to the Court's Preliminary Instruction No. 2, which read to the jury Count One of the affidavit setting forth the allegation that the defendant had previously been convicted of violation of the narcotic laws; Court's Final Instruction No. 24, which incorporated the statute above set forth, and Court's Instruction No. 29, which is the final instruction incorporating directions as to verdict, and referring to Count One of the affidavit.

The basis of the objection to these instructions is that the matter of a former conviction should not have been conveyed to the jury by the reading of the affidavit or the statute or by the reference to Count One of the affidavit until after the appellant's guilt or innocence was determined with respect to the charge made in this case. The appellant maintains that in order to have a fair trial, the evidence should have been presented without any reference to a previous conviction until the guilt or innocence of the appellant was determined on the act of possessing narcotics. The appellant cites one case from Connecticut and another case from Idaho in which the procedure in those states is described as submitting to the jury first the issue of guilt on the specific offense, with the matter of previous convictions remaining in abeyance until that determination is made. The appellant argues that to do otherwise is a violation of Art. 1, § 12 of the Indiana Constitution. The appellant does not say so, but apparently he is relying on the "due course of law" clause.

It has long been established in this state that when a statute imposes a greater punishment upon a second and

subsequent conviction of an offense, the former conviction must be alleged in the affidavit or indictment, and proved at the trial. *Evans* v. *The State* (1898), 150 Ind. 651, 50 N. E. 820.

This doctrine has been held to apply to the habitual criminal area. *Barr* v. *State* (1933), 205 Ind. 481, 187 N. E. 259.

It has also been held applicable to driving "while under the influence" of intoxicating liquor, where the statute provides for an increased penalty on a second or subsequent conviction. *Buchta* v. *State* (1955), 234 Ind. 295, 126 N. E. 2d 151.

However, even if the law were not so well settled in this state, the appellant is not now in a position to raise this question. There is no indication that the appellant objected to the admission of testimony of previous offenses. The appellant did not make this objection to State's Exhibit No. 4, which was a certification of his conviction in Federal Court of a violation of the Narcotic Acts. In addition, the appellant took the witness stand and became a witness in this case. The appellant was asked about previous convictions and testified about not only this conviction, but other convictions of felonies. Such questioning was obviously proper, and was not objected to. Under this state of the record, the appellant is in no position to say that the court should not bring up the matter of a previous conviction by reading an indictment or by reading a statute.

The appellant also maintains that it was error to give State's Instruction No. 1. Said instruction reads as follows:

"While the Constitution of this State makes the Jurors the judges of the law as well as of the facts, this does not mean that the Jurors may wilfully and arbitrarily disregard the law. It means that Jurors under their oaths should honestly, justly and impartially judge the law as it exists. It does not mean that Jurors may not judge the law in any case so as to make it null and void and of no force but that they shall so judge the law as to give it a fair and honest interpretation, to the end that the law in each and every case may be fairly and honestly enforced.

"The facts must be judged and found by the jury from a careful consideration of all the testimony given by the witnesses in the case and under your oaths you have no right to arbitrarily disregard either the law or the facts in the case."

The appellant objected to this instruction "for the reason it is already covered by the Court's Preliminary Instructions."

In his brief, the appellant attempts to argue that this instruction is contrary to Art. 1, § 19 of the Indiana Constitution. This argument was not raised in the trial court.

Suffice it to say that we see no error in repeating to the jury in the final instructions some factors which may have been included in the preliminary instructions. In addition, we fail to see how the instruction is contrary to Art. 1, § 19 of the Indiana Constitution, had this question been raised at the trial.

The appellant in his brief says that it was error for the court to admit State's Exhibit No. 4. Exhibit 4 was the record of his conviction in Federal Court for violation of the narcotic laws. The only objection made to the exhibit on the trial was that it was not an offense contemplated by the specific statute here involved. The appellant does not argue the merits of Exhibit 4 and the objection thereto in his brief, and the matter should therefore be considered waived. However, it is obvious that the conviction shown by Exhibit 4 was in the class of offenses included under the statute.

The appellant strongly urges that it was error to admit Exhibits 1 and 2 into evidence. State's Exhibit No. 1 was the pink Kleenex, and State's Exhibit No. 2 can be described as 200 *1 grain* tablets of codeine sulphate which were supposedly wrapped in State's Exhibit 1.

At the time the exhibits were offered in evidence, the defendant made the objection "for the reason that they are not connected with this defendant, it being shown that they were not in his possession or control. . . ." This objection was overruled. Later, the defendant made an oral motion to suppress Exhibits 1 and 2 for the reason that the exhibits "were

obtained by collusion, entrapment, and on behalf and direction of the police officers of the Indianapolis Police Department on a planned illegal search and seizure, all in cooperation and collusion and by instructions of Sergeant Owens of the Indianapolis Police Department." In his brief, appellant urges that the evidence was obtained by "illegal search and seizure;" that "[t]he search was conducted upon a prearranged conspiracy between the prosecuting witness, Paul J. Ray and Officers of the Indianapolis Police Department;" that it was "contrived by a violation of an entrapment plan in order to effect the illegal search," and that the search was made without a search warrant.

It is difficult to understand what the appellant is trying to argue in his brief. While he uses a lot of legal terms, he does not seem to have any clear legal concept to rely upon. As to the "pre-arranged conspiracy," this court is not aware of any prohibition against the police or private citizens making any reasonable plan or "conspiracy" to catch and convict criminals. It is assumed that this is the duty of the police as well as the duty of conscientious private citizens, so long as the suspect's rights are respected.

We also fail to see any way in which a defense of "entrapment" can possibly be relevant. It is only where a person has been instigated, induced, or lured, for the purpose of prosecution, in the commission of a crime which he had no intention of committing that he may avail himself of the defense of entrapment. Where the criminal intent originated in the mind of the person committing the criminal act, an accused may not avail himself of this defense. *O'Brien* v. *U.S.* (1931), 51 F. 2d 674; *Ditton* v. *State* (1943), 222 Ind. 25, 51 N. E. 2d 356. Certainly there is no evidence in this record to indicate any possible defense of entrapment.

Assuming that a question of "illegal search" has been raised and preserved in the record (which assumption certainly gives appellant the benefit of a considerable doubt), the evidence in this case was not found by the police in a search of the appellant or in a search of the appellant's

property. It was discovered in the automobile belonging to the witness, Paul J. Ray, who obviously consented to the search.

But even if the search were improper, the appellant cannot raise any question as to the legality of the search of property belonging to other persons. *May* v. *State* (1953), 232 Ind. 523, 112 N. E. 2d 439; *Tyler* v. *State* (1931), 202 Ind. 559, 177 N. E. 197.

While the appellant does not argue seriously in his brief the sufficiency of the evidence to sustain the verdict, it does appear on examination of the record that there is substantial evidence in support of every element of the offense charged.

The judgment of the trial court is therefore affirmed.

Myers, C. J. & Arterburn, J., concur. Jackson, J., dissents with opinion. Achor, J., not participating.

## DISSENT

JACKSON, J.—For the purpose of this dissent it is sufficient to say this entire transaction is so tainted with entrapment that the judgment should be reversed.

The police officers, among other things, according to their own testimony, and that of the State's witness Paul J. Ray directed the witness Ray to break the law by driving his car, after dark, with the headlights not burning in order to give the police officers cause to arrest the witness and the appellant.

After procuring the commission of the illegal act by Ray, they arrested and searched appellant and later his dwelling, all without a warrant. Such action on the part of the officers cannot be tolerated, and in my opinion, vitiates this entire proceedings. If the police can procure, by their counsel and advice, the violation of law with impunity in order to make an arrest, no citizen is secure and such action is a direct violation of constitutional and civil rights.

Finally no witness testified that appellant had possession of the narcotic; the witness Ray who testified for the State

and who was the informant and the willing tool of the officers who engineered the entrapment, testified that one Mr. Neusbaum reached down and put the pink Kleenex down under the seat of the car.

In view of the circumstances in the case at bar the imposition of the penalty here imposed, *i.e.,* "not less than twenty years nor more than life," cannot and should not be affirmed.

This cause should be reversed and remanded to the trial court with instructions to grant appellant's motion for a directed verdict filed at the conclusion of the State's evidence in chief and to expunge its judgment of conviction heretofore rendered herein.

NOTE.—Reported in 214 N. E. 2d 380.