Michael COX, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 1–978A248.

Court of Appeals of Indiana,
First District.

July 30, 1979.

Rehearing Denied Sept. 4, 1979.

John M. Blevins, Blevins, Carroll & Schrock, Anderson, for appellant-defendant.

Theo. L. Sendak, Atty. Gen., Rollin E. Thompson, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

LYBROOK, Judge.

Defendant-appellant Michael J. Cox was found guilty of Uttering a Forged Instru-ment, fined $500, and sentenced to be im-prisoned for not less than two nor more than fourteen years.

Evidence introduced at trial included a check drawn on the account of Mrs. Ruth Heaton for $11,000 and a deposit slip credit-ing Cox's account with $11,000.

Cox presents the following issue for our review:

Whether the trial court erred in permit-ting the state to introduce into evidence the check and deposit slip over Cox's ob-jection that they were obtained in viola-tion of his rights secured by the Fourth Amendment to the Constitution of the United States and Art. I, § 11 of the Constitution of Indiana.

We affirm.

The pertinent facts of this case are as follows:

While investigating the death of Mrs. Heaton, the Anderson police learned from Cox that she had given Cox a check the day before she died. When the police discover-ed that the amount of the check involved was $11,000, they asked the First National Bank to give them the check, made out to the First National Bank on Mrs. Heaton's account with the Anderson Banking Com-pany, and the deposit slip crediting Cox's First National Bank account. The bank complied with the request and turned the check and the deposit slip over to the police.

Cox alleges that his rights against illegal searches and seizures were violated when the State obtained the evidence without going through the "existing legal process."

We find that Cox lacks standing to challenge the validity of the obtaining of the check and the deposit slip by the police from the bank.

In *Leonard v. State,* (1968) 249 Ind. 361, 232 N.E.2d 882, our Supreme Court noted that a bank has lawful possession of bank records, and once the appellant no longer has possession of the documents, he cannot claim an illegal search and seizure by police, since protection against unlawful search and seizure is a personal privilege. Similar-

ly, our Supreme Court recently underscored the need for meeting standing requirements in order to assert illegal search and seizure claims in *Pollard v. State,* (1979) Ind., 388 N.E.2d 496, 502, by quoting *Rakas v. Illinois* (1978), 439 U.S. 128, 99 S.Ct. 421, 425, 58 L.Ed.2d 387, which stated:

> " 'Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted.' A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. And since the exclusionary rule is an attempt to effectuate the guarantees of the Fourth Amendment, it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rule's protections."

The case of *United States v. Miller,* (1976) 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71, is very much like the case at bar. In *Miller,* copies of checks, deposit slips and other bank records were obtained through *subpoenas duces tecum* which the defendant claimed were defective. He alleged that the subsequent seizure of the documents was illegal. His motion to suppress the evidence was denied and he was convicted. On appeal, the Fifth Circuit Court of Appeals reversed, deciding that the bank records were in a "zone of privacy" protected by the Fourth Amendment. The United States Supreme Court reversed the Court of Appeals, discussing several factors that apply to the case at bar. The court said that the checks and deposit slips were the business records of the bank and not the "private papers" of the respondent. This result is similar to the standing issue more directly raised in *Rakas, supra.*

As the respondent argued in *Miller,* Cox claims that the Bank Secrecy Act of 1970 [1] requires that the "existing legal process" controls access to bank records. Thus, Cox challenges the search and seizure of the bank records without a search warrant.

The respondent in *Miller* also argued that he had a Fourth Amendment interest in the bank records since they were copies of his own documents, and therefore, he had a "reasonable expectation of privacy."

Speaking for the court in *Miller, supra,* in 425 U.S. at 442, 96 S.Ct. at 1623, Justice Powell said:

> "Even if we direct our attention to the original checks and deposit slips, rather than to the microfilm copies actually viewed and obtained by means of the subpoena, we perceive no legitimate 'expectation of privacy' in their contents. The checks are not confidential communications but negotiable instruments to be used in commercial transactions. All of the documents obtained, including financial statements and deposit slips, contain only information voluntarily conveyed to the banks and exposed to their employees in the ordinary course of business. The lack of any legitimate expectation of privacy concerning the information kept in bank records was assumed by Congress in enacting the Bank Secrecy Act, the expressed purpose of which is to require records to be maintained because they 'have a high degree of usefulness in criminal tax, and regulatory investigations and proceedings.' " (Citation omitted.)

█ Justice Powell also said in *Miller* that the lack of Fourth Amendment protection eliminated the respondent's challenge to the *subpoena duces tecum.* Similarly, in the case at bar, a warrant was not required, and, therefore, Cox cannot question the manner in which the evidence was obtained.

For the above reasons, the decision of the trial court is affirmed.

Affirmed.

LOWDERMILK, P. J., and ROBERTSON, J., concur.

---

1. 12 U.S.C. § 1829b(d).