DANIEL GRAY *v.* STATE OF INDIANA.

[No. 670S123. Filed April 27, 1971. Rehearing denied August 3, 1971.]

*William C. Erbecker, James Manahan, DeWitt, Richards & Manahan,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the crime of robbery. Trial by court resulted in a finding of guilty of the included offense of theft of a sum greater than $100. The appellant was sentenced to the Indiana State Reformatory for not less than one nor more than ten years.

The record discloses the following evidence:

Ada Hiatt testified that on the date in question she was employed in the Morrow Pharmacy located at 2202 Churchman in the city of Indianapolis, when appellant and another person, both armed, entered the pharmacy and told the witness they wanted money. The witness not only identified appellant in a line-up at the police station but also made a positive identification in open court. Pauline Pruitt Morrow testified she was working at the pharmacy on the day in question, and that she got a good look at the appellant at that time. She identified him in open court as one of the gunmen. There is no mention in the record that Mrs. Morrow attended the line-up in which Mrs. Hiatt identified the appellant. An audit of the pharmacy records disclosed that approximately $8,000 was taken in the holdup.

The appellant's mother testified that he was visiting her at General Hospital on the evening in question. Appellant's brother testified that appellant was with him at the Gold Crown Pool Room on the evening in question.

Appellant contends that the finding of the court is not sustained by sufficient evidence and is thus contrary to law.

This Court will not weigh the evidence on appeal but will consider only the evidence most favorable to the State. *Smith* v. *State* (1968), 252 Ind. 7, 239 N. E. 2d 158,

15 Ind. Dec. 133. The above evidence was sufficient to support the finding of the trial court.

Appellant also contends the conduct and remarks of the trial judge infringed upon his right to a fair trial. The appellant quotes at length from the record remarks that were ■ extremely critical of both the prosecution and the defense counsel. However, there is no showing by the appellant that these remarks in any way prejudiced his case. The mere fact that the trial judge was discourteous to counsel and unduly critical of their conduct of the case does not in and of itself render the proceeding void when the cause is being tried without the intervention of a jury. *U. S.* v. *Kaufman* (7th Cir. 1968), 393 F. 2d 172.

Mention is made in appellant's brief of the fact that there was a line-up at police headquarters in which appellant was identified. Appellant in his testimony before the court ■ categorized this line-up as unfair. However, this point is not briefed or argued as a point of law in appellant's brief. We have examined the record and see no reversible error as to the line-up. This coupled with the fact that there was positive in court identification of the appellant independent of the line-up, adequately disposes of the line-up question. *Fulks* v. *State* (1970), 255 Ind. 81, 262 N. E. 2d 651, 23 Ind. Dec. 138.

The trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 268 N. E. 2d 745.