WILMA DIANE LEWIS v. STATE OF INDIANA.

[No. 3-874A144. Filed November 20, 1975.]

554

*Barrie C. Tremper,* Public Defender, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

GARRARD, J.—In a trial to the court Wilma Diane Lewis was convicted of theft. Pursuant to the provision for sentencing recidivists she was sentenced to the Indiana Women's Prison for an indeterminate term of one to ten years.[1]

We sustain the conviction but find that sentence was erroneously imposed.

The evidence favorable to the state disclosed that an employee of L. S. Ayres saw two women take two pantsuits into a dressing room in the store. She then observed one of the women, who was wearing a white coat, wrap up a blue pantsuit "as though she was going to put it in her purse." At this time the employee located a store security officer and told him what she had seen. The two then observed the women leave the dressing room with only one pantsuit in view. Next they determined that the blue pantsuit was not

1. IC 1971. 35-17-5-12, Ind. Ann. Stat. § 10-3039(5) (h) (Burns 1974 Supp.)

returned to the garment rack. The officer then observed that Lewis was carrying a large bulging purse. He asked her to accompany him to the security office. In the security office in the presence of an additional officer, and after receiving *Miranda* warnings, Lewis opened the purse and disclosed the missing pantsuit.

This evidence was sufficient to sustain the conviction. *See, Vaughn* v. *State* (1971), 255 Ind. 678, 266 N.E.2d 219. While at trial the employee could not identify Lewis, identification by the officer was positive.

On appeal, counsel argues that the arrest was illegal and the officer's testimony should be disregarded. However, this assertion was not made in the motion to correct errors. Furthermore, while an objection was made to introduction of the pantsuit in evidence, no objection was made to the testimony given by the officers. Thus, any potential error in permitting the officers to testify has been waived. *See, Boles* v. *State* (1975), 163 Ind. App. 196, 322 N.E.2d 722.

Lewis' other arguments on insufficiency of the evidence merely request that we reweigh the evidence and choose different inferences than those drawn by the trial court. This we may not do.

Secondly, it is claimed that the judge committed reversible error by a remark made during trial and a comment made in the ruling on Lewis' request for a finding at the close of the state's case.

In the first instance, despite identification of the pantsuit by the employee and the security officer, counsel objected to its introduction into evidence without full proof of chain of custody. The court inquired whether counsel wanted him to take a continuance to have the police officer in charge of the police property room come over. When counsel voiced his obligation to pursue the objection, the court sustained him.

Our courts have previously remarked upon the somewhat different standard which obtains in trials where no jury. is present to be prejudiced by remarks from the bench. *See, Gray* v. *State* (1971), 256 Ind. 342, 268 N.E.2d 745; *Owens* v. *State* (1971), 255 Ind. 693, 266 N.E.2d 612.

We believe that the court's remark, while it would have been better made at bench conference, was merely an effort to expedite the trial and resulted in no prejudice to Lewis. *Accord, Lolla* v. *State* (1973), 260 Ind. 221, 294 N.E.2d 798. For discussion pointing out the desirability of the court refraining from open comment which may be construed by laymen as reflecting upon the court's impartiality, etc., see *Dixon* v. *State* (1972), 154 Ind. App. 603, 290 N.E.2d 731.

The second remark occurred after counsel's argument in support of his motion at the close of the state's case. Among other points, he stressed that the pantsuit allegedly stolen by Lewis did not fit her. The court denied the motion and observed that "if we had to prove that which is stolen by a defendant had to fit the defendant we would lose a lot of theft cases. . . ."

While the innuendo of partiality which one may choose to draw from use of the plural "we" is undesirable, it falls short of the demonstration of prejudice to Lewis required by our established standards of review. *Gray, supra; Owens supra; Dixon, supra.*

Finally, Lewis urges error in the imposition of sentence.

The charging affidavit simply alleged that she unlawfully and feloniously obtained and exerted unauthorized control over property of L. S. Ayres and Company, Inc., to-wit: one pantsuit of the value of eighty-four dollars, intending to deprive Ayres of the use and benefit thereof.

After the foregoing trial, the court found Lewis guilty. The prosecutor then filed a motion to prove prior convictions,

requesting the court to sentence Lewis as a repeated offender. No hearing was held on that motion. However, both the verified motion and the presentence investigation report disclosed prior convictions for theft. Lewis was then sentenced to one to ten years pursuant to the recidivist provision in the statute.

The primary question presented by this procedure is whether some sort of evidentiary hearing and determination is necessary before the court may impose the increased penalty provided by statute for recidivists. The view opposing the necessity for such a hearing asserts that since only the penalty is involved, the statutory provision should be viewed as merely a part of the sentencing discretion delegated to the court by the legislature. Accordingly, it is urged that increased penalties for recidivists may be properly utilized by the sentencing judge upon the basis of the court's presentencing information as is the case where the legislature has delegated a discretionary range of penalty upon conviction of a particular crime. *See, e.g., Carlin* v. *State* (1970), 254 Ind. 332, 259 N.E.2d 870; *Robb* v. *State* (1970), 253 Ind. 448, 255 N.E.2d 96; *Cooper* v. *State* (1973), 158 Ind. App. 82, 301 N.E.2d 772.

The answer as to whether an evidentiary hearing is necessary depends upon the nature of the inquiry. If factual questions exist, then determination by a trier of fact is required.

Of course, in any such case where a record of prior offenses is disclosed, the preliminary question is identity. Is the present accused the same person as the one named in the conviction record? A triable issue would appear to be present if the accused denies he is the person named or if he merely remains silent.

However, it is equally clear that statutes imposing increased penalties for recidivism contemplate valid convictions which have not been subsequently nullified. Accordingly, further issues may exist as to the validity of the prior convictions. *See, State* v. *Gurecki* (1966), 247

Ind. 218, 214 N.E.2d 392; *Smith* v. *Lane* (C.A. 7, 1970), 426 F.2d 767.

Thus, the requirements of due process dictate the necessity of an evidentiary hearing before recidivist penalties may be invoked. *Oyler* v. *Boles* (1962), 368 U.S. 448; *accord,* ■ *Lawrence* v. *State* (1972), 259 Ind. 306, 286 N.E.2d 830. The sentence imposed on Lewis must therefore be set aside.

This ruling requires us to consider yet another question. On remand, may the court still proceed to determine the applicability of the penalty for recidivists?

In *Oyler* v. *Boles, supra,* the United States Supreme Court held the guarantees of due process require that an accused must receive advance notice and the opportunity to be heard regarding the charge of recidivism. However, the Court further held that proper notice *need not precede* trial on the substantive offense.

The Indiana decisions commence with *Evans* v. *State* (1898), 150 Ind. 651, 50 N.E. 820. In that decision the court was confronted with imposition of an increased penalty for a second offense of petit larceny. While holding any error had been waived through the failure to make a proper objection at trial, the court stated:

> "The doctrine that when a statute imposes a greater punishment upon second and subsequent convictions of an offense, that the former conviction must be alleged in the indictment and proved at the trial, or the same can only be punished as a first offense, is sustained by the great weight of the authorities." 150 Ind. 651, 653-4.

Three subsequent Indiana cases have acknowledged the rule set forth in the *Evans dictum. Minton* v. *State* (1966), 247 Ind. 307, 214 N.E.2d 380; *In re Sobieski* (1965), 246 Ind. 222, 204 N.E.2d 353; *Buchta* v. *State* (1955), 234 Ind. 295, 126 N.E.2d 151.

*Minton* involved unlawful possession of narcotics. *Sobieski* and *Buchta* both involved charges of driving under the influence. In all three cases the charging affidavits alleged prior offenses, and the *Evans dictum* was utilized to justify admission of evidence of prior convictions during the trial of the principal charge against the accused.

Thus, under Indiana practice, must the court on remand sentence Lewis as for a first offense since no charge of recidivism was contained in the information under which she went to trial? We hold the court is not so limited.

All the *Evans*-type cases antedate our Supreme Court's decision on proper application of the habitual criminal statute in *Lawrence* v. *State, supra.*[2]

A unanimous court in *Lawrence* held that presentation of recidivist evidence to a jury during the trial of the felony then at issue is constitutionally impermissible. The ▮▮▮▮ opinion in *Lawrence* acknowledges three additional principles that bear upon the question now before us. An increased penalty for recidivism does not establish any other or different crime than the one alleged in the principal charge. An accused is entitled to have his status as a recidivist determined by the jury where trial on the principal charge is to the jury, and an accused is constitutionally entitled to advance notification of the potential for an increased penalty.

The *Lawrence* court held that where the allegations of recidivism are made when the information is filed, they, and the evidence to sustain them, must be kept from the jury until after determination of the substantive offense. The court, however, did not consider the potential, confirmed as

2. IC 1971, 35-8-8-1 (Burns Code Ed.). The act provides for a sentence of life imprisonment upon the conviction for a felony of one who has been twice before convicted, sentenced and imprisoned for felonies. The rationale upholding the constitutionality of such statutes impels the application of their interpretation to other statutes providing penalties for recidivism. *See, e.g.,* Am. Jur. 2d, *Habitual Criminals,* § 5, p. 311 and collected cases.

constitutionally sound in *Oyler*, which would permit the charge of recidivism to be initiated during or after the proceedings on the principal charge. The court did indicate that the statute seemed to imply a joinder of the proceedings, but stated the legislative purpose was simply to insure speedy trial and advice of the charges.

Since the accused's status as a subsequent offender does not create a separate substantive offense, it would appear that any proceedings to secure the recidivist penalty must be initiated while the trial court has jurisdiction to impose sentence for the substantive offense.

Under our criminal procedure statute, clearly an amendment separately alleging prior offender status could be had prior to arraignment. IC 1971, 35-3.1-1-5(b).

Moreover, subparagraph (c) of that statute provides:

"Upon motion of the prosecutor the court [may] at any time before, during, or after the trial permit an amendment to the indictment or information in respect to any defect, imperfection or omission in form which does not prejudice the substantial rights of the defendant."

We recognize that from an accused's standpoint, the ultimate in fairness is achieved where he is advised, before being asked to plead to the substantive offense, that the state will seek to impose the recidivist penalty.

This, however, must be balanced against the public interest in determining the appropriate penalty to be imposed upon those whose history of repeated offense demonstrates that the penalty regularly attached to the felony was ineffective in reforming or deterring them. *See, Moore* v. *Missouri* (1895), 159 U.S. 673.

In finding no constitutional limitation on post-trial initiation of recidivist proceedings, the Court in *Oyler* expressly recognized the difficult burden that would otherwise be placed

on the utilization of recidivist penalties. While prior conviction is within the knowledge of the defendant, it is often not known to the prosecutor or law enforcement officers when the charge is initially filed. In addition, limiting the necessary amendment of the charges in order to invoke such penalties to a time prior to arraignment would have the effect of deterring rather than promoting the prompt arraignment of those accused of criminal activity. Such a result we do not desire.

On the other hand, because of the requirement imposed in *Lawrence* that a separate factual hearing be held after the determination of the substantive charge, we cannot perceive any substantial prejudice to the defendant's rights by permitting the proceedings to determine the applicability of the sentence for recidivists to be initiated after completion of the trial on the substantive offense.[3]

We therefore hold that the court was not precluded from considering the charge of recidivism by the failure of the charging affidavit to allege prior offenses, and that the court might permit by amendment the presentation of such allegations, to be determined by appropriate hearing, at any time while the court retained jurisdiction to impose sentence for the substantive offense.

The conviction is affirmed. The sentence is set aside, and this case is remanded to the court for further proceedings consistent herewith.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 337 N.E.2d 516.

___

3. Even the potential use of the recidivism charge in the plea bargaining process remains.