Philbert BARNETT, Appellant,

v.

STATE of Indiana, Appellee.

No. 980S378.

Supreme Court of Indiana.

Dec. 30, 1981.

Merle B. Rose, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

The appellant, Philbert Barnett, was convicted of burglary, Ind.Code § 35–43–2–1, and was found to be an habitual offender, Ind.Code § 35–50–2–8. The trial court sentenced him to thirty-five years' imprisonment.

The appeal raises four issues:

1. Whether the trial court erred in allowing the State to amend the burglary information by adding the habitual offender charge after the jury was selected.

2. Whether the trial court erred in denying the defense motion for a continuance.

3. Whether the trial court erred in admitting certain evidence.

4. Whether the appellant was denied a fair trial because the State withheld exculpatory evidence.

### I.

On May 21, 1979, the State filed an information for Count I, burglary, and Count II, habitual offender, alleging two prior felony convictions. On November 20, 1979, the State was permitted to amend the habitual offender count adding a third prior felony conviction. The defense moved to dismiss the amended habitual offender count on the ground that it failed to advise the defense of the specific charges which it would seek to prove. The State did not appear on the motion and it was granted. By the time of the pre-trial conference, only Count I was pending.

In the course of the discovery process, the State provided the defense, on April 2, 1980, ten days before the date the trial started, with court records and certified records relating to incarceration on each of the three alleged prior felony convictions. The State tendered the habitual offender count anew on the day the trial began, after the jurors had been selected but before they were sworn. The defense moved for a continu-

ance to examine the charges to determine whether a motion to dismiss would be appropriate. The motion was denied.

The appellant claims that his rights were prejudiced by the last-minute amendment in two ways. First, he claims that he had no time to prepare a defense on the habitual offender count. Second, he was forced, he claims, to forego his Fifth Amendment right to testify on his own behalf on the substantive count because of fear that he would jeopardize his position as to the habitual offender count.

The State responds that the appellant was not prejudiced because he knew of the habitual offender count since the charges were initially filed in May, 1979, and had complete information on the alleged prior convictions because he was provided cause numbers and dates of the three separate convictions, as well as copies of appellant's incarceration records.

■ Indiana Code § 35–3.1–1–5, provides that an information may be amended at any time before, during, or after trial as long as the amendment does not prejudice the substantial rights of the defendant. *Howard v. State*, (1978) 268 Ind. 589, 377 N.E.2d 628. An accused has, furthermore, the constitutional right to have notice and an opportunity to be heard regarding a charge, including a recidivist charge. *Oyler v. Boles*, (1962) 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446.

■ It was error for the court to have denied the motion for a continuance. The defense had no reason to make use of the evidence disclosed during discovery regarding the three prior felony convictions, because the count had been dismissed.

We are unable to see from our post-trial, appellate perspective, however, in what way a continuance would have been to any avail. The defense attorney, in arguing the motion for a continuance, stated that he needed time to examine the amendment for defects. He also stated that he would have produced witnesses to testify on the habitu-

al offender count, had he had advance notice of the amendment. The appellant in his brief on appeal does not point to any defects in the amendment, nor does he indicate what his witnesses would have testified about. We are not convinced, moreover, that the appellant, in deciding not to testify on his own behalf on the substantive count was placed in a unique position of prejudice because of the last-minute amendment. There was no pertinent information which he did not have. The time available in which to make the decision, namely, up to the point where the State rested its main case, was reasonable in duration. Appellant was in no significantly different position from others who, upon facing the bifurcated proceeding under the habitual offender sentencing statute must make the tactical choice of testifying or not during the substantive count phase of the trial in light of the second phase of the proceeding.

The appellant has not shown that his substantial rights were prejudiced by the court's erroneous denial of the continuance motion. The error was harmless.

## II.

The defense objected on a continuing basis to all of the State's exhibits introduced into evidence on the habitual offender count. The appellant moved for a continuance when the State sought to introduce the exhibits, and he claims that the trial court erred in denying his motion. He claims that he was prejudiced in three ways. First, he claims that he was surprised by the evidence and was forced to change his trial tactics and not testify. Second, he claims that the defense was unable to prepare or take depositions of the alleged keepers of the documents introduced. Third, he claims that he was denied his constitutional right to advance notification of the potential for an increased penalty.

Regarding the first claim of prejudice, we have already observed that all defendants faced with the bifurcated habitual offender procedure must make the tactical decision whether to testify on the substantive count.

The appellant does not claim any other prejudice.

The second claim concerns the denial of an opportunity to explore the authenticity of the documents introduced to prove that the appellant had been convicted of at least two prior felonies. The appellant may not claim that he was denied an opportunity to respond to the proof of identity because he himself, represented by counsel, acknowledged in open court that he was the same Philbert Barnett who had been previously convicted.

As to the third claim, the appellant relies on the following language in *Lewis v. State*, (1975) 166 Ind.App. 553, 560, 337 N.E.2d 516, 520, construing our holding in *Lawrence v. State*, (1972) 259 Ind. 306, 286 N.E.2d 830:

"A unanimous court in *Lawrence* held that presentation of recidivist evidence to a jury during the trial of the felony then at issue is constitutionally impermissible. The opinion in *Lawrence* acknowledges three additional principles that bear upon the question now before us. An increased penalty for recidivism does not establish any other or different crime than the one alleged in the principal charge. An accused is entitled to have his status as a recidivist determined by the jury where trial on the principal charge is to the jury, and an accused is constitutionally entitled to advance notification of the potential for an increased penalty."

The Court of Appeals held that a trial court was not precluded from considering a recidivist charge because of the failure of the charging affidavit to allege prior crimes, and it could permit an amendment alleging prior felonies at any time while the court retained jurisdiction to impose a sentence for the substantive crime. The constitutional right of prior notification of the potential for an increased penalty was not violated by an amendment made after completion of the trial on the substantive charge. *A fortiori*, on the basis of *Lewis*, we find no violation of the right to prior

notification in this case, since the amendment was made before the jurors were sworn and before the presentation of evidence on the burglary count.

## III.

■ State's Exhibits 10, 11, and 12, evidence of prior convictions, were admitted over defense objections that they were hearsay and were surprise evidence. Exhibit 10 consists of a copy of an affidavit charging Philbert Barnett with burglary and theft; a copy of an order book entry showing the entry of a guilty plea on the charge and findings of guilt; and a copy of an order book entry showing the judgment and sentence of the court on the conviction. Exhibit 11 consists of a copy of an information charging Philbert Barnett with theft; a copy of an order book entry showing the entry of a guilty plea on the charge and a finding of guilt; and a copy of an order book entry showing the judgment and sentence of the court on the conviction. Exhibit 12 is a copy of an information charging Philbert Barnett with armed robbery; a copy of an order book entry showing the conviction on the charge following a jury trial; a copy of an order book entry showing the sentence imposed. All of the exhibits were certified as true copies by the clerk of Marion Superior Court. The appellant asserts that his right to confront his accusers guaranteed by Art. I, § 13, of the Indiana Constitution, was violated because he was denied the right to cross-examine the clerk. These documents are self-authenticating and properly admitted as official records under Ind.R.Tr. P. 44(A)(1). The copies were properly certified by the clerk, and they were not inadmissible hearsay. Any objection to the authenticity of the records was forgone by the appellant's acknowledgment that he was the same person as the person convicted of the prior felonies, as discussed in II above. For the same reason, the claim of surprise has no merit.

The appellant objected to State's Exhibits 13, 14 and 15 on the ground that the certifications failed to meet the statutory requirements of Ind.Code § 34–1–17–7, for admission into evidence:

"Exemplifications or copies of records, and records of deeds and other instruments, or of office books or parts thereof, and official bonds which are kept in any public office in this state, shall be proved or admitted as legal evidence in any court or office in this state, by the attestation of the keeper of said records, or books, deeds or other instruments, or official bonds, that the same are true and complete copies of the records, bonds, instruments or books, or parts thereof, in his custody, and the seal of office of said keeper thereto annexed if there be a seal, and if there be no official seal, there shall be attached to such attestation, the certificate of the clerk, and the seal of the circuit or superior court of the proper county where such keeper resides, that such attestation is made by the proper officer."

■ Exhibit 13 consisted of copies of photographs, fingerprints, and a description of Philbert Barnett, and other records from the file on Barnett maintained at the Indiana Reformatory. The copies were certified by Sam Whiteman, Director of Records, Indiana Reformatory. Exhibit 14 consists of similar documents from the file on Philbert Barnett maintained at the Indiana State Farm. They are certified by Rosemary Green, Record Custodian of Indiana State Farm. Exhibit 15 consists of similar documents from the file on Philbert Barnett maintained at the Indiana State Prison. They are certified by Jack E. Bradley, Business Administrator, Indiana State Prison. The certification on Exhibit 13 shows that Sam Whiteman is the keeper of the records. The certification on Exhibit 14 shows the seal of the State Farm, which we deem sufficient as the official seal of the office of keeper of records of the Farm. The certification on Exhibit 15 shows the seal of the Indiana State Prison, which we deem sufficient as the official seal of the keeper of records of the Prison.

The documents meet the statutory requirement and were properly admitted.

Furthermore, since the appellant acknowledged that he was the same Philbert Barnett who was convicted of the other felonies, he cannot now challenge the documents introduced on the question of identity.

## V.

Finally, the appellant claims that he was denied his constitutional rights to a fair trial because the State withheld exculpatory evidence. The evidence claimed to be withheld was the information that the appellant had been hospitalized at a state hospital for the insane before his first criminal conviction. This claim is patently absurd.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.