Steven **BREWER**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 49S00–9110–CR–800.

Supreme Court of Indiana.

Jan. 7, 1993.

Monica Foster, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

Appellant was tried by jury and convicted of Count I, Dealing in Cocaine, a Class A felony; Count II, Possession of Cocaine, a Class C felony; Count III, Resisting Law Enforcement, a Class A misdemeanor; and was found to be a habitual offender. The trial court found that Count II merged with Count I. The trial court sentenced appellant to thirty (30) years for Count I, and enhanced that sentence due to appellant's habitual offender status. The trial court sentenced appellant to one (1) year for Count III to run concurrently with the sentence for Count I.

The facts are: Indianapolis Police Officers Donald Hollenback, Roy Potter and Bradford Welton responded to a call on September 28, 1989 at approximately 11:15 p.m. at the Play House pool hall. The owner, Lawrence Lawson, informed the officers when they arrived that some individuals were selling drugs in front of the pool hall. Lawson informed them that appellant, who was wearing a white sweat shirt and black pants, had been there selling narcotics but had walked over to the east side of the building.

Officers Hollenback and Potter proceeded to the east side of the building while Officer Welton remained in front of the pool hall. When Officer Hollenback saw appellant approximately fifteen feet away from him, Hollenback said, "Stop, police." Appellant turned toward Hollenback, looked at him and then fled. Hollenback pursued appellant on foot as he ran toward and entered the Fountain Lounge.

Appellant reached under his sweat shirt and pulled out a white napkin which was rolled into a ball and threw it over an interior wall in the lounge. Officers Hollenback and Potter apprehended appellant in the lounge where they also found the white napkin on the floor. The plastic bag inside the napkin contained a total of 5.2967 grams of cocaine in eighteen baggies.

Appellant argues that he was denied his right to a fair trial because of comments made by the prosecution during closing argument. The trial court overruled the defense's objection to the comment.

During closing argument, the deputy prosecuting attorney made the following statement:

"Again, it's essential that—I also thought it was interesting, they have this nice diagram, and it is, and they have the sweat shirt. They don't use it to show the police officers. There's a reason for that, because his job is to do whatever he can to get him off; it's not to seek truth or justice; it's to do whatever he can to get him off—."

Defense counsel objected to the comment. The trial judge overruled the objection and stated that she presumed that the deputy prosecutor was quoting from a United States Supreme Court opinion. *See, United States v. Wade* (1967), 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (White, J., dissenting and concurring).

The State contends that appellant has failed to properly preserve this issue for appeal. In support of that contention, they cite *Brown v. State* (1991), Ind., 572 N.E.2d 496. In that case, we held that when an improper argument is alleged to have been made the correct procedure is to request the trial court to admonish the jury. *Id.* If the party is not satisfied with the admonishment, the correct procedure is to make a motion for a mistrial. *Id.* Failure to request an admonishment or move for a mistrial results in waiver of the issue of improper argument. *Id.* Because ap-

pellant failed to request further remedial measures he has waived the issue.

Appellant claims the trial court committed reversible error by admitting State's Exhibits 7 and 8 during the habitual offender stage of the proceedings. He claims they were not properly authenticated, and he was denied the opportunity to establish who certified the copies which were admitted.

State's Exhibit 7 is a seven page exhibit introduced to show that appellant was convicted of Robbery on May 4, 1977 and that he was sentenced for that conviction on May 27, 1977. Each page of Exhibit 7 bears the seal of the Marion County Superior Court.

Pages one, two, and three bear a certification comprised of the initials "DS." Pages four through seven bear a certification which is the signature "Patsy Graves." One of appellant's objections is that the initials were not adequate to satisfy the certification statutes. The trial court overruled appellant's objection and admitted pages one, four, five, six, and seven of Exhibit 7.

State's Exhibit 8 is a four page exhibit introduced to show that appellant was convicted of and sentenced for Robbery in 1978. Each page of Exhibit 8 is certified with the initials "DS." Appellant objected to admission of this exhibit on the grounds that the certification was improper. He argues that "proximity and quickness" of the certification raises doubts as to whether the clerk actually compared the copy to the original in order to verify its accurateness. Appellant argues that the initials did not constitute a valid signature for certification.

■ Indiana Trial Rule 44(A)(1) states the following:

"An official record kept within the United States, or any state, district, commonwealth, territory, or insular possession thereof, or within the Panama Canal Zone, the Trust Territory of the Pacific Islands, or the Ryukyu Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official

publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy. Such publication or copy need not be accompanied by proof that such officer has the custody. Proof that such officer does or does not have custody of the record may be made by the certificate of a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office."

We have held that a signing may be accomplished in a number of ways. *State v. Schell* (1966), 248 Ind. 183, 224 N.E.2d 49. When a person intends for the mark or name to represent his signature on a document, it meets the requirements of the law. *Id.* Moreover, in certain instances, initials may constitute a legal signature. *Brown v. Grzeskowiak* (1951), 230 Ind. 110, 102 N.E.2d 372. The case cited by appellant, *Keegan v. State* (1990), Ind.App., 564 N.E.2d 533, is distinguishable in that the certificate of conviction sought to be admitted in evidence bore no mark in the place where a signature is required.

■ As for appellant's argument concerning the admission of Exhibit 8, the State correctly points out that appellant has stated a different argument on appeal than that which was made at trial. We have held that an appellant may not state an allegation of error on appeal which differs from the objection made at trial. *Dickson v. State* (1988), Ind., 520 N.E.2d 101.

■ We also are persuaded by the State's argument that if there was any error in the admission of these exhibits at trial, the error was harmless. The record reflects that appellant testified during the habitual offender stage of the proceedings and admitted that he had been convicted of the two prior felonies sought to be proved by the State. As we have held, the erroneous admission of evidence is harmless when the evidence is cumulative of properly ad-

mitted evidence. *Boles v. State* (1973), 259 Ind. 661, 291 N.E.2d 357.

Appellant claims that he was denied the opportunity to search for and identify "DS." The record reflects, however, that appellant was afforded the opportunity to locate "DS" during a recess. When the trial reconvened, defense counsel requested a continuance which was denied. It is well settled that the trial court may at its discretion grant or deny a motion for a continuance. *Flinn v. State* (1990), Ind., 563 N.E.2d 536. In order to succeed in obtaining a reversal, the appellant must show prejudice from the alleged abuse of discretion. *Id.* The trial court did not err in admitting State's Exhibits 7 and 8.

After the jury began to deliberate, they sent a note to the trial court which read: "Which officer testified that he did not speak to Marilyn Turner when she was brought in to the courtroom Monday?" By agreement of the parties, the trial court replied in writing: "Please base your verdict on the evidence as you remember it." Appellant claims that the trial court denied him the right to be present at all critical stages of the proceedings because he alleges the trial court engaged in an *ex parte* communication with the jury. The record does not reflect whether appellant was present in the courtroom at the time a response to the request was discussed.

 We have held that when jurors request additional information from the trial court the proper procedure involves notification of the parties to ensure their presence in court before communication with the jury is accomplished. *Marsillett v. State* (1986), Ind., 495 N.E.2d 699. The trial judge should provide the parties with the proposed response to the request for information. *Id.*

We will assume, since it is unclear from the record, that appellant was not present in the courtroom when the agreement was reached. We have held that it is error for communications between judge and jury to occur in the absence of the defendant. *Id.* However, if a communication does occur, appellant has not presented *per se* grounds for reversal. *Id.* Prejudice to the defen-

dant resulting from the communication will be inferred, but that error may be rebutted by evidence that the communication did not affect the fair determination of appellant's case. *Id.*

 Moreover, we have held that when the trial court's response to a jury request is a denial of that request the inference of prejudice is rebutted and the error, if any, is harmless. *Id.* In the present case the trial court's response in effect was a denial of their request for more information. Appellant was not prejudiced by the trial court's communication with the jury.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, J., concur.

DICKSON and KRAHULIK, JJ., dissent without separate opinion.