Jeffrey GIBSON, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 55A01–9507–CR–236.

Court of Appeals of Indiana.

Feb. 21, 1996.

Transfer Denied April 17, 1996.

R. Stephen Donovan, Martinsville, for appellant.

Pamela Carter, Attorney General of Indiana and James D. Dimitri, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

ROBERTSON, Judge.

Jeffery Gibson appeals from the determination that he is an habitual offender. He claims the trial court had no authority to proceed on the habitual offender count after this Court had reversed the initial dismissal of the count and had no authority to amend his underlying felony sentence to include the habitual offender enhancement. He further claims that the evidence is insufficient to support his status as an habitual offender because the trial court erroneously admitted documentary evidence of his prior unrelated felonies. He finally claims the jury findings on the habitual offender count do not support its verdict. We affirm.

The State charged Gibson with several offenses and eventually filed an habitual offender allegation against him. Gibson subsequently filed a motion to dismiss the habitual offender count, and the trial court granted the motion and then certified the dismissal for interlocutory appeal. The State pursued an interlocutory appeal of the dismissal but continued to prosecute the underlying criminal charges.

The State obtained convictions of four of the underlying offenses, and the trial court imposed sentences for them. Gibson then initiated a direct appeal of two of the convictions. While his direct appeal progressed, this Court, in a memorandum decision on the interlocutory appeal, determined that the trial court had erroneously dismissed the habitual offender count and reversed the dismissal. Just over a year later, our supreme

court, on transfer, affirmed the two underlying convictions Gibson had directly appealed. *See Gibson v. State* (1994), Ind., 643 N.E.2d 885.

After our supreme court had affirmed the two convictions, the trial court still had before it the reversal of the initial dismissal of the habitual offender count. The trial court therefore set the matter for trial. Gibson again moved for dismissal of the habitual offender count and alleged that the trial court was without jurisdiction to proceed. The trial court denied the motion, and the trial proceeded. The jury eventually determined Gibson is an habitual offender, and the trial court enhanced one of his underlying convictions accordingly.

Gibson first claims the trial court had no authority either to entertain the subsequent habitual offender proceedings or to amend his underlying felony sentence. He asserts that so much time had elapsed between the date of his original sentences and the date of the enhancement that the trial court was without authority to act. He bases his claims upon Ind.Code 33–1–6–3 and Ind.Trial Rule 59, both of which contain certain time limits upon action by the trial court. He contends the subsequent habitual offender proceedings occurred after the applicable the time limits and therefore occurred outside the authority of the court.

 We first note that an appeal taken by the state does not stay, or affect the operation of, the judgment in favor of the defendant until the judgment is reversed. I.C. 35–38–4–4. The State's interlocutory appeal of the dismissal in the present case therefore did not stay or affect the operation of the dismissal until this court reversed it. As the State notes, the effect of a reversal of a judgment is to vacate and nullify the judgment, which restores the parties to the position they held before judgment. *See Brown v. State* (1983), Ind.App., 458 N.E.2d 245, 250. Thus, the decision which reversed the initial order of dismissal operated to vacate and nullify that order. Further, the reversal restored the State and Gibson to the position they held prior to the order, that is, with a viable habitual offender allegation before them. When the trial court again began to address matters related to the habitual offender count, it acted well within the sixty or ninety days which Gibson now claims it must have acted.

 Further, even after the State has pursued an interlocutory appeal of a dismissal of an habitual offender allegation, the habitual offender statute does not preclude a different jury from determining the habitual offender question. *See State v. McMillan* (1980), 274 Ind. 167, 409 N.E.2d 612. From the above authorities, we conclude that the trial court is authorized to proceed with an habitual offender charge after a dismissal of the charge has been reversed on interlocutory appeal. Gibson has not demonstrated that the trial court was without authority to proceed with the habitual offender proceedings or to enhance the sentence for the underlying felony.

Gibson next claims the evidence is insufficient to support his status as an habitual offender because the trial court erroneously admitted documentary evidence of his prior unrelated felonies. He claims the clerk or her deputy did not sign the certifications as T.R. 44 requires.

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Ind.Evidence Rule 901(a). Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the original or duplicate of a domestic official record proved in the manner provided by T.R. 44(A)(1). Evid.R. 902(1). According to T.R. 44(A)(1):

> An official record kept within the United States, or any state, district, commonwealth, territory, or insular possession thereof, or within the Panama Canal Zone, the Trust Territory of the Pacific Islands, or the Ryukyu Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy. Such publication or copy need not be accompanied by proof that such officer has the custody. Proof that

such officer does or does not have custody of the record may be made by the certificate of a judge of a court of record of the district or political subdivision in which the record is kept, authenticated by the seal of the court, or may be made by any public officer having a seal of office and having official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office.

*Brewer v. State* (1993), Ind., 605 N.E.2d 181, 183.

Under T.R. 44(A)(1), an official record kept within this state may be evidenced by a copy attested by the deputy of the officer who has legal custody of the record. The copy need not be accompanied by proof that the officer does or does not have custody of the record.

Each document Gibson challenges contains the following certification:

"I Karen Brummett, Clerk of the Morgan Circuit Court do hereby certify the adjoined document to be a true copy of the original."

> Karen Brummett Clerk of Court
>
> By: —————— Deputy

Each document contains a set of handwritten initials in the space provided for a signature. Gibson claims the certification is improper because whoever initialed the documents did not, in fact, "sign" them and therefore did not properly attest to the copies as T.R. 44(A)(1) requires.

■ A signing may be accomplished in a number of ways. *Brewer*, 605 N.E.2d at 183. When a person intends for the mark or name to represent his signature on a document, it meets the requirements of the law. *Id.* In certain instances, initials may constitute a legal signature. *Id.* The present situation is one of those instances. *See id.* at 183; *Underhill v. State* (1981), Ind., 428 N.E.2d 759, 771.

■ The initials of the deputies provided a proper attestation of the copies of the documents. Inasmuch as the documents were duplicates of a domestic official record proved in the manner provided by T.R. 44(A)(1), extrinsic evidence of authenticity, as a condition to admissibility, was not required. Evid.R. 902(1). The certified documents were sufficient to support a finding that they were what the State claimed them to be.

■ Gibson nonetheless contends he is entitled to know the identity of the person who has certified the documents. The appellant in *Brewer*, 605 N.E.2d at 183, also claimed, to no avail, that "he was denied the opportunity to establish who certified the copies which were admitted." Moreover, the admission of the documents did not infringe upon Gibson's right to confront his accusers, specifically, to cross-examine the clerk. *See Barnett v. State* (1981), Ind., 429 N.E.2d 625, 628. The documents authenticated themselves and were not inadmissible hearsay. *Id.* The trial court properly admitted them as official records under T.R. 44(A)(1). *Id.*

Gibson finally claims the findings of the jury are inconsistent. He notes that two of the prior unrelated felony convictions occurred on the same date and asserts that they therefore are not unrelated for purposes of an habitual offender enhancement. He claims that we should remand for a new trial because we cannot determine which felonies were used in the habitual offender determination.

■ To sustain an habitual offender enhancement, the State must demonstrate that the defendant was twice convicted and twice sentenced for prior felonies. *Gardner v. State* (1994), Ind.App., 641 N.E.2d 641, 646. The statute requires that the prior felonies be "unrelated," which means that the commission of the second offense was subsequent to the conviction and sentence upon the first offense. *Id.* (citing I.C. 35–50–2–8(b)).

■ The record shows that the jury specifically found Gibson had committed the underlying offenses of theft and attempted auto theft on 17 APR 92, as revealed in the first phase of the trial. The jury further specifically found that Gibson had committed theft on 16 MAY 73, had committed theft on 8 FEB 83, had committed theft on 19 SEP 83, had committed a handgun license violation on 19 SEP 83, and had committed theft on 31 MAR 87. Gibson bases his claim upon the two violations which occurred on 19 SEP 83

because, if the jury based its habitual offender determination upon both of these offenses, then the commission of the second offense arguably was not subsequent to the conviction and sentence upon the first offense.

The verdict returned, however, is not general or ambiguous. We note that the State may plead and prove more than the statutorily required two prior felonies, as such is surplusage where the verdict is specific. *See Boarman v. State* (1987), Ind., 509 N.E.2d 177, 180. The jury specifically found that Gibson had been convicted and sentenced five times, as charged. We are not left to wonder upon which combination of offenses the jury agreed. *See Hudson v. State* (1983), Ind., 443 N.E.2d 834, 837. The jury affirmatively agreed that Gibson had committed each separate offense. Further, although reliance upon the two offenses Gibson committed on the same date might be improper, Gibson has not demonstrated that any other combination of the offenses renders the evidence insufficient to support his habitual offender status.

Judgment affirmed.

BAKER and STATON, JJ., concur.