**In re the Matter of J.C.**

No. 32A05–9909–JV–426.

Court of Appeals of Indiana.

Sept. 29, 2000.

Charles E. Hostetter, Hostetter & O'Hara, Brownsburg, Indiana, Attorney for Appellant.

## OPINION

SHARPNACK, Chief Judge

The Hendricks County Office of Family and Children ("HCOFC") appeals the trial court's order requiring it to pay the fees of the court appointed guardian ad litem ("GAL") in a child in need of services ("CHINS") proceeding. The sole issue raised is whether the trial court erred in requiring the HCOFC to pay the GAL's fees. We affirm.

The relevant facts follow. On June 11, 1998, the trial court found one year old J.C. to be a CHINS and appointed Dan Zielinski to serve as the GAL. The trial court further ordered the GAL "to determine visitation, if any." Record, p. 71. At some point thereafter, the GAL submitted to the HCOFC a request for payment of his services with respect to J.C.'s case in the amount of $492.00. The HCOFC responded by filing a motion, which was later amended, entitled "Amended Request for Order Terminating Liability for Guardian Ad Litem" on July 13, 1999. Record, p. 11. In the motion, the HCOFC alleged that there is no legislative authority pro-

viding for HCOFC to pay for such services, that the entity required to pay the GAL fees is the county fiscal body, and that the payment of the GAL fees by the HCOFC would create a conflict of interest. Following a hearing on the motion, the trial court ordered the HCOFC to pay the GAL as requested.

▬ Because the HCOFC had the burden of proof at trial and an adverse judgment was entered against it, the HCOFC is appealing from a negative judgment. *J.W. v. Hendricks County Office of Family & Children,* 697 N.E.2d 480, 481 (Ind.Ct.App.1998). A party appealing from a negative judgment must show that the evidence points unerringly to a conclusion opposite that reached by the trial court. *Id.* We will reverse a negative judgment on appeal only if the decision of the trial court is contrary to law. *Id.* at 482. In determining whether a negative judgment is contrary to law, we neither reweigh evidence nor judge the credibility of witnesses, and consider only the evidence most favorable to the prevailing party, together with all reasonable inferences flowing therefrom. *Id.*

▬ The question of whether a county office of family and children is required to pay GAL fees in a CHINS proceeding is a question that has not yet been addressed by this court. The purpose of appointing a GAL is to represent and protect the best interests of the child and to provide the child with services requested by the court such as researching, examining, advocating, facilitating, and monitoring the child's situation. Ind.Code § 31–9–2–50. Although Ind.Code § 31–34–10–3 sets forth the circumstances under which appointment of a GAL in a CHINS case is mandatory and when it is discretionary, it makes no mention of how the GAL is to be paid for its services. *See* Ind.Code § 31–34–10–3. Nevertheless, the companion provisions of Ind.Code §§ 31–32–3–1 and 31–32–3–9 provide that the juvenile court may appoint a GAL at any time and that "[i]f any fees arise, payment shall be made

under IC 31–40." Ind.Code §§ 31–32–3–1, 31–32–3–9. Therefore, we look to Ind. Code § 31–40 to determine who bears responsibility for payment of the GAL fees. *See E.P. v. Marion County Office of Family & Children,* 653 N.E.2d 1026, 1034 (Ind. Ct.App.1995) (noting that when two statutes address the same subject matter, they are to be construed consistently and harmoniously if possible).

Ind.Code § 31–40–1–2 provides:

(a) The county shall pay from the county family and children's fund the cost of:

    (1) any services ordered by the juvenile court for any child or the child's parent, guardian or custodian, other than secure detention; and

    (2) returning a child under IC 31–37–23.

(b) The county fiscal body shall provide sufficient money to meet the court's requirements.

Ind.Code § 31–40–1–2. Here, the appointment of the GAL and the GAL's subsequent investigation into the propriety and frequency of visitation between J.C. and his parents was undeniably a service to J.C. Therefore, it appears that there is a statutory basis for ordering the HCOFC to pay the GAL's bill for services rendered. *See* I.C. § 31–40–1–2.

The HCOFC argues, however, that "where each county has a[GAL] fund which is designed to pay for [GALs] in CHINS cases or in cases where there are issues of child abuse or neglect, it should never be the Office of Family and Children's responsibility to pay for the [GAL]." Appellant's Brief, p. 8. Specifically, the HCOFC, citing to Ind.Code § 33–2.1–7–3.1, contends that "the county fiscal body along with the division of state court administration [has] established a[GAL] fund which is to be used in proceedings such as

this."[1] Appellant's Brief, p. 9. Thus, the HCOFC concludes that the "Hendricks County Guardian Ad Litem fund" is the entity with responsibility for payment of the GAL in this case.[2] Appellant's Brief, p. 13. Appellant's Brief, p. 13.

■ However, the HCOFC did not, either in its motion to terminate liability for the GAL fees or at the hearing on that motion, mention Ind.Code § 33–2.1–7–3.1 nor make an argument that could reasonably be construed as being based on that statute. In fact, during the hearing, after the GAL articulated his position on the issue, which included a list of statutory citations, the HCOFC specifically stated that its argument was "based on uh the citations that [the GAL] ... made." Record, p. 180. All of the statutes recited by the GAL before the trial court are contained within title thirty-one of the Indiana Code, which deals with family and juvenile law. The HCOFC's argument on appeal, however, is based on title thirty-three, which pertains to courts and court officers. It is well settled that a party may not advance an argument on appeal that is different from that raised in the trial court. *See Brewer v. State,* 605 N.E.2d 181, 183 (Ind.1993), *reh'g denied*; *In re Paternity of T.M.Y.,* 725 N.E.2d 997, 1002 (Ind.Ct.App.2000), *reh'g denied.* Therefore, the HCOFC has waived this argument for appellate review.[3] *See id.*

The HCOFC next argues that requiring it to pay the GAL in a CHINS proceeding creates an impermissible conflict of interest. This argument is based on the fact that both the HCOFC and the GAL are parties to a CHINS action. However, the trial court found, and we agree, that the order requiring the HCOFC to pay the GAL fees in no way causes a conflict because it is the trial court that issues the order for payment. Because the HCOFC is paying the GAL only upon order of the court, there is no hint of collusion between the GAL and the HCOFC. Accordingly, payment of the GAL by the HCOFC does not create the appearance that the HCOFC controls the GAL or that they are not separate and distinct entities.

Therefore, because we have determined that payment of the GAL by the HCOFC

1. Ind.Code § 33–2.1–7–3.1 provides, in relevant part:

   (a) The division of state court administration shall establish and administer an office of [GAL] and court appointed special advocate services. The division shall use money it receives from the state general fund to administer the office. If funds for [GAL] and court appointed special advocate programs are appropriated by the general assembly, the division shall provide matching funds to counties that are required to implement and administer, in courts with juvenile jurisdiction, a[GAL] and court appointed special advocate program for children who are alleged to be victims of child abuse or neglect under IC 31–33.... A county may use these matching funds to supplement 31–40–3–1 and used for the operation of [GAL] and court appointed special advocate programs. The division may use its administrative fund to provide training services and communication services for local officials and local [GAL] and court appointed special advocate pro-

   grams. The county fiscal body shall appropriate adequate funds for the county to be eligible for matching funds under this section.

   (b) Matching funds provided to a county under this provision shall be used for [GAL] and court appointed special advocate programs and may be deposited in the county's [GAL] or court appointed special advocate fund described in IC 31–40–3.

2. We note that the HCOFC has failed to demonstrate that a "Hendricks county Guardian Ad Litem fund" actually exists or that there are sufficient funds in this account to pay for GAL services. Appellants Brief, p. 13.

3. We further note that although the HCOFC argued to the trial court that a separate fund for the payment of GALs was provided for under Title 31, it does not make that argument on appeal. Thus, it has also waived this issue for our review. *See Owensby v. Lepper,* 666 N.E.2d 1251, 1254 (Ind.Ct.App.1996), *reh'g denied* ("Failure of a party to raise an issue on appeal results in waiver of that issue.").

upon order of the court does not create a conflict of interest and because there is a statutory basis for requiring the HCOFC to pay the GAL's bill for services rendered, we cannot say that the judgment of the trial court is clearly erroneous. *See* I.C. § 31–40–1–2; *J.W.*, 697 N.E.2d at 481.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

ROBB, J. and BARNES, J. concur.